**STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD., et al., Plaintiffs,**

v.

**MIGUEL CALVO, et al., Defendants.**

United States District Court, S.D. New York.

June 16, 2010.

Joseph Neuhaus, Esq., Patrick B. Berarducci, Esq., Sullivan & Cromwell, LLP, New York, NY, for Plaintiffs.

## ORDER

WILLIAM H. PAULEY III, District Judge Sitting in Part I:

Plaintiffs Standard Chartered Bank International (Americas) Ltd. ("Standard") and Stanchart Securities International, Inc. ("Stanchart") seek permission to file a Complaint, the attached exhibits, and all party filings in this action under seal. This *ex parte* application, the third in this district by a corporate litigant in as many days, comes to this Court sitting in Part I. This application presents the new paradigm in the commercial litigation arena where parties attempt to supplant federal court practice with private arbitral agreements. Efforts, like this one, to file significant corporate litigation under seal interfere with sound judicial administration and the public's right to monitor activities in federal courts.

In the underlying action, Plaintiffs seek declaratory and injunctive relief to, *inter alia*, enjoin an arbitration proceeding now ongoing before the American Arbitration Association (the "AAA") titled *Miguel Calvo, et al. v. Standard Chartered Bank*, ICDR No. 50 148 T 00508 09. Plaintiffs assert that the AAA panel committed certain errors of law in a recent jurisdictional decision. Further, Plaintiffs argue that this action is related to another action in this District, *Anwar v. Fairfield Greenwich Group*, No. 09 Civ. 118(VM), in which a PSLRA stay of discovery is currently in place, and that information learned in this action would undermine the stay in *Anwar*. While the arbitration proceedings were filed in September 2009, it was not until June 9, 2010, after the AAA's jurisdictional decision, that the parties entered into a Confidentiality Agreement to keep all "Arbitration Material" private. The timing of that Confidentiality Agreement (three business days before this application) does not appear to be a coincidence. Rather, it has all the characteristics of an artificial construct in which major financial institutions seek to invoke the jurisdiction of this Court using their own set of rules.

The federal courts "have recognized a strong presumption of public access to court records." *Video Software*

*Dealers Assoc. v. Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir.1994) (citing *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). However, not every document filed with a court is subject to "the right of public access"; rather, only judicial documents—those relevant to the performance of the judicial function and useful in the judicial process—are presumptively public. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.2006) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir.1995)). Here, Plaintiffs' blanket request to seal all documents encompasses both matters which are of little value to a court in performing its duties—such as discovery documents—as well as important papers—like the Complaint—which underpin a civil action and give a federal court jurisdiction over a matter.

■ In considering whether presumptively public judicial documents, such as these, should be sealed, a court considers (1) the danger of impairing law enforcement or judicial efficiency; and (2) the privacy interests of those who resist disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995). Moreover, "the privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation." *United States v. Biaggi*, 828 F.2d 110, 116 (2d Cir.1987).

■ By attempting to prevent the public from learning anything about this action—including its existence—Plaintiffs endeavor to transfer the privileges of their private arbitration to a public judicial forum. But their application is not grounded in concerns for judicial efficiency or the privacy rights of innocent parties. Rather, Plaintiffs seek to shield from scrutiny issues of significant public concern. These matters should not be shrouded in secrecy. Moreover, it appears that Plaintiffs' underlying action is not in aid of arbitration, but an attempt to derail an arbitration. The fact that the parties agreed to confidentiality last week makes clear that Plaintiffs' purported concerns for privacy are not as deeply held as they profess. Finally, since the application was *ex parte*. Defendants, individual aggrieved investors, did not have an opportunity to weigh in.

Applications like this one spawn considerable mischief. If granted, they conceal the very existence of lawsuits from the public. Moreover, they impose a substantial burden on the courts and the judges to whom sealed actions are assigned. This Court will not permit the parochial interest of one party to trump the public interest in the efficient and transparent administration of justice.

Accordingly, Plaintiffs Standard Chartered Bank International (Americas) Ltd. and Stanchart Securities International, Inc.'s application to file the Complaint and all documents related to this action under seal is denied. The Clerk of Court is directed to file a copy of this Order on the docket of Plaintiffs' action when it is filed.

SO ORDERED.